### No. 863

### First Circuit

———

## DECKER v. SLIDELL MOTOR SALES CO.

———

(June 30, 1931. Opinion and Decree.)
(October 7, 1931. Rehearing Refused.)

———

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellee.

S. W. Provensal, of Slidell, attorney for defendant, appellant.

LeBLANC, J. Plaintiff, James W. Decker, sues the defendant corporation for $186, of which amount he alleges the sum of $30 is a balance due under an arrangement between them to do all the mechanical work in their garage at Slidell, La., on a commission basis, and the remaining sum of $156 he avers is due under a special contract entered into with the defendant through its secretary and treasurer, and at that time its active manager, by the terms of which he was to receive $3 per week for acting as clerk to care for the front end or office department of the business and stay there at night, when necessary. He avers that this last contract was, at his request, reduced to writing, and to his petition is annexed a document dated April 16, 1929, covering his employment, both as mechanic and as clerk, signed "Slidell Motor Sales Co., J. A. Smith, Sec. & Treas." He avers further that he rendered satisfactory service as mechanic and clerk from April 16, 1929, to April 16, 1930, and that, while defendant offered to pay him the $30 due him as me-chanic, it refuses to pay him the amount due as clerk for caring for the front end of the business as set out in his petition.

The defendant tendered the $30 admittedly due, and later deposited this amount in the registry of the court. The contract under which plaintiff demands the $156 is denied.

The lower court rendered judgment in favor of the plaintiff for the amount of his claim in full, subject, of course, to the credit of the sum of $30 which had been deposited in court, and the defendant has appealed.

The testimony reveals that S. A. Landry and J. A. Smith had been partners in the automobile business in Slidell, and on April 4, 1929, incorporated their business under the name of the defendant company; Mr. Landry's wife becoming a stockholder to the extent of one share in order to effect the incorporation. All the capital was furnished by Landry, and Smith was to conduct the business, having entire charge of everything, including the hiring of all employees. The business had been operated on the same plan during the existence of the partnership when it was conducted under the style, Slidell Motor Sales Company. It seems to be conceded that Smith had full authority to act on his own initiative, and he did not consult the board of directors during the few months he was connected with the business as a corporation.

As the act of incorporation bears date of April 4, 1929, and the contract produced by the plaintiff is dated April 16, 1929, and as it is fully proven that Smith had authority to act for the corporation, especi-

ally in matters concerning the employment of labor and help, it must be presumed that on April 16, 1929, when he signed the agreement to pay plaintiff $3 per week additional, to work in the front end of the garage when necessary, he was acting for and in behalf of the corporation, which is bound by his agreement.

It does not appear to be disputed that the plaintiff rendered such service as was contemplated under the contract.

Proof was adduced to show that there is nothing on the defendant's books to indicate a charge for any such service, but we do not see how the defendant's failure in that respect can affect the rights of the plaintiff who it does not appear in any way had anything to do with the keeping of the books for the company. Counsel for defendant urges the lack of any such entries in the books, as evidence of the suspicious character of the agreement, but it takes more than mere suspicion to set aside a contract which both parties thereto testify as being genuine and honestly entered into. Both the plaintiff and Smith say that it was valid, and that plaintiff was not paid under it, simply because of the poor financial condition of the business.

We are of the opinion, as was the district judge, that the preponderance of the evidence in this case is with the plaintiff, and that he is entitled to recover for the item of $156, being for service rendered during fifty-two weeks at $3 per week.

The judgment of the lower court is affirmed.